Procopio®

PROCOPIO
3000 EL Camino Real
Suite 5-400
Palo Alto, CA 94306
T. 650.645.9000
F. 619.235.0398

MINDY M. MORTON
P. 650.645.9020
mindy.morton@procopio.com

DEL MAR HEIGHTS
LAS VEGAS
ORANGE COUNTY
PHOENIX
SAN DIEGO
SILICON VALLEY

JANUARY 5, 2023

United States District Court
Southern District of New York
Attn: Honorable Judge Katherine Polk Failla
40 Foley Square, Room 2103
New York, NY 10007

Re: Shaneis Garcia v. WordPress.com 22-CV-09897 (KPF)

Dear Judge Failla:

This firm is counsel for Automattic Inc. in the above-referenced action, together with local counsel Alan Sclar of Smith Mazure, P.C. Plaintiff sued "WordPress.com" which is a website owned and operated by Automattic Inc. WordPress.com is not a corporate entity, and Automattic therefore responds.

Plaintiff attempted to serve WordPress.com by sending the Summons and Complaint by Federal Express, without including a notice and request for waiver of service. Plaintiff also attempted to serve all named individuals by Federal Express through service on Automattic's agent for service of process, again without a notice and request for waiver of service. I contacted Plaintiff and requested that Plaintiff send the notice and waiver forms, but Plaintiff was not willing to do so.[1]

[1] I anticipate that I will represent the individually -named defendants, but I am not appearing on their behalf today, as serving individuals by mailing the Summons and Complaint to a company's agent for service of process is not valid under F.R.C.P. 4. Should Plaintiff wish to send a notice and request for waiver of service of process to Automattic or to me, I will endeavor to contact all of the named individuals and obtain permission to sign the waiver form on their behalf. These individuals are also not listed in the caption in the Complaint as required, so Automattic is uncertain whether Plaintiff intended all of the individuals identified in Section II of the Complaint to be included as defendants.

Procopio®

Automattic hereby requests a pre-motion conference, as Automattic intends to move to dismiss the Complaint for failure to state a claim and/or for a more definite statement.[2] Plaintiff has failed to plausibly allege facts that support any causes of action against Automattic. The Complaint does not specifically allege any causes of action or plead facts in support of any causes of action. Instead, the Complaint appears to be "an unadorned, the-defendant-unlawfully-harmed-me accusation" that was found to be inadequate in Iqbal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint includes many pages of exhibits, which primarily appear to be copies of electronic communications with Automattic employees, but these exhibits do not offer sufficient factual allegations to support any claims.

Section III of the Complaint identifies "18 U.S.C. S 2261A" as the basis for "severe emotional distress," and the Plaintiff requests "one trillion dollars in money damages" and a restraining order. However, this statute is a criminal interstate stalking statute that was originally enacted as part of the Violence Against Women's Act. The statute has no provision for any civil liability, and therefore Plaintiff cannot state a claim against Automattic.

In section I of the Complaint, Plaintiff also claims that the federal question is whether Automattic created a "hostile work environment in violation of the plaintiff's right to be free from discrimination in the terms and conditions of her employment." However, Plaintiff has not alleged that she is an employee of Automattic; nor has she alleged that Automattic engaged in any discrimination. The exhibits attached to the Complaint show Automattic employees attempting to assist Plaintiff with her questions and Plaintiff responding by making threats and swearing at the Automattic employees. To the extent that Plaintiff attempts to state a claim for discrimination, this, too, fails.

Alternately, Automattic will move under Rule 12(e) for a more definite statement of the claim, as the Complaint is so vague that Automattic is unable to properly respond. *See Pelmen ex rel. Pelman v. McDonald's Corp*., 396 F.Supp.2d 439 (S.D.N.Y. 2005)) ("courts in this district have granted [12(e) motions] when pro se Complaints were too convoluted, lengthy, or otherwise too difficult to comprehend.") Plaintiff's Complaint does not properly allege any causes of action or basis for the Complaint, nor does it substantiate her demand for "one trillion dollars." Therefore, if the Court is not inclined to dismiss the Complaint, Automattic respectfully requests that the Court order Plaintiff to provide a more definite statement of the claims.

---

[2] Although the individual defendants are not appearing through this letter, Automattic respectfully requests that the pre-motion conference also address the service issues, so that any motion to dismiss can include all defendants.

Procopio®

This motion is not on the consent of all parties. When counsel attempted to engage Plaintiff by electronic mail with respect to the service issues, Ms. Garcia wrote that she would not do anything the court didn't tell her to do and that she would not be answering any more emails from counsel.

Counsel for Automattic respectfully requests that any pre-motion conference be held telephonically or by videoconference.

Very truly yours,

Melinda M. Morton
Procopio, Cory Hargreaves & Savitch, LLP
3000 El Camino Real
Suite 5-400
Palo Alto, CA 94306
Mindy.morton@procopio.com
650-645-9020

Alan Sclar (local counsel)
Smith Mazure, P.C.
111 John Street
New York, NY 10038
asclar@smithmazure.com
212-485-8724